**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**

**FILED**

2008 Aug 15 PM 04:17

CLERK U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
TOLEDO



Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 07-32603 |
| | ) | |
| Thomas E. Adams, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 07-3252 |
| | ) | |
| Bruce Comly French, Trustee, | ) | Hon. Mary Ann Whipple |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Chase, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### MEMORANDUM OF DECISION REGARDING MOTION TO DISMISS

This adversary proceeding is before the court on Defendant's Motion to Dismiss [Doc. # 22], Plaintiff's opposition [Doc. # 29], and Defendant's reply [Doc. # 30]. Defendant's motion is brought under Federal Rule of Civil Procedure 12(b)(6), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7012(b). For the reasons that follow, Defendant's motion will be granted.

### BACKGROUND

Debtor Thomas E. Adams filed a petition for relief under Chapter 7 of the Bankruptcy Code on June 18, 2007, and Plaintiff was appointed the trustee in that case. Plaintiff commenced this adversary

proceeding on October 21, 2007. In his complaint, Plaintiff alleges that Debtor obtained two loans from Defendant that are secured by a first and second mortgage on real estate owned by Debtor. [Doc. # 1, Complaint, ¶¶ 5-7]. He alleges that (1) Defendant "knew or should have known" that Debtor's home "was not worth the value assigned by the appraiser;" (2) Defendant "issued the loan without taking into consideration the Debtor[']s ability to pay; (3) Defendant failed to provide the disclosures required by the Truth-in-Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, (3) "[a]s a high cost loan, the mortgage is subject to additional disclosures under 15 U.S.C. § 1639," a provision added by the Home Ownership Equity Protection Act of 1994 ("HOEPA"), Pub. L. No. 103-325, Title I, § 152(d), 108 Stat. 2191-92 (1994); (4) Defendant fraudulently induced Debtor to sign the Note "by misrepresenting material information with knowledge of its falsity or disregard to its falsity;" and (5) Plaintiff asked Defendant to provide "a copy of the mortgage, deed, and appraisal but has received no response." [*Id.* ¶¶ 8-13].

Plaintiff further alleges that Defendant "may" be the subject of an action for predatory lending but that Plaintiff "is presently unable to proceed on the action for the reason that no action has yet been commenced against Chase." [*Id.* ¶¶ 14-16]. The Complaint further states that "Plaintiff desires to examine Chase and the subject matter of the testimony which petitioner expects to elicit from him [sic] is a description of the Note and Agreement and under what circumstances they were entered into." [*Id.* ¶ 17]. The only relief sought by Plaintiff is "that the Court grant his request for discovery." [*Id.*, p. 2].

## LAW AND ANALYSIS

Defendant moves to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The Supreme Court recently explained the standard by which a motion to dismiss is to be decided.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic Corp. v. Twombly*, – U.S. –, 127 S.Ct. 1955, 1964-65 (2007).[1]

---

[1] In so explaining, the Court revised the Rule 12(b)(6) standard articulated in *Conley v. Gibson,* 355 U.S. 41(1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S.Ct. at 1968 (quoting *Conley,* 355 U.S. at 45-46). The Court observed: "[A]fter puzzling the profession for 50 years, this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1969.

2

07-03252-maw    Doc 36    FILED 08/15/08    ENTERED 08/15/08 16:17:51    Page 2 of 4

In this case, Defendant argues that the factual allegations in the complaint do not entitle Plaintiff to the requested relief since a complaint solely to conduct discovery is not permissible. Defendant also argues that Plaintiff has failed to allege facts to support a claim under either TILA or HOEPA and has failed to allege a claim for fraud or misrepresentation with the specificity required by Federal Rule of Civil Procedure 9(b), made applicable by Federal Rule of Bankruptcy Procedure 7009.

Plaintiff responds that he is not attempting to allege in his complaint the specific elements of any particular cause of action but, rather, is simply requesting an order permitting him to conduct discovery "to determine the extent and existence of any claims the Debtor may have against the Defendant." [Doc. # 29, p. 2]. Citing Bankruptcy Rule 7001, he contends that this adversary proceeding is the proper procedural mechanism by which to make this request since it would have "a potential effect on the validity, priority, or extent of a lien or other interest in property." Plaintiff argues that the court has the power to enter his requested order under both 11 U.S.C. § 105(a) and the All Writs Act, 28 U.S.C. § 1651. The court disagrees.

The court acknowledges that Bankruptcy Rule 7001 identifies proceedings "to determine the validity, priority, or extent of a lien or other interest in property" as an adversary proceeding. Fed. R. Bankr. P. 7001(2). However, Plaintiff's complaint does not request such a determination, and Rule 7001 does not provide authority for a plaintiff to commence an adversary proceeding and invoke the discovery rules attendant to such a proceeding simply as a fishing expedition for support for a cause of action otherwise described under that Rule. *See Jones v. Capital Cities/ABC Inc.,* 168 F.R.D. 477, 480 (S.D.N.Y. 1996) ("[t]he purpose of discovery is to find out additional facts about a well-pleaded claim, not to find out whether such a claim exists") (quoting *Stoner v. Walsh*, 772 F. Supp. 790, 800 (S.D.N.Y. 1991).

The court also finds that the exercise of its power under the All Writs Act is inappropriate in this proceeding. The All Writs Act provides that the federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). However, the United States Supreme Court has described the All Writs Act as a "'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'" *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 380 (2004) (quoting *Ex parte Fahey*, 332 U.S. 258, 259-60 (1947)). The Supreme Court set forth three conditions that must be satisfied before issuance of a writ under § 1651:

> First, the party seeking issuance of the writ [must] have no other adequate means to attain the relief he desires . . . . Second, the petitioner must satisfy the burden of showing that [his] right to issuance of the writ is "clear and indisputable." Third, even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances.

3

*Id.* at 380-81.

Plaintiff cannot satisfy any of these conditions. First, he has other adequate means to seek the discovery requested in this adversary proceeding, namely, by filing a motion under Federal Rule of Bankruptcy Procedure 2004. Under Rule 2004, the court may order the examination of any entity. Fed. R. Bankr. P. 2004(a). The scope of a Rule 2004 examination is very broad and has been likened to a "fishing expedition." *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002); *In re Russell,* – B.R. –, 2008 WL 2697281, *39 (Bankr. E.D. Tenn. June 2, 2008); *In re Kelton*, 389 B.R. 812, 820 (Bankr. S.D. Ga. 2008) ("The primary purpose of a Rule 2004 examination is for revealing the nature and extent of the bankruptcy estate, and for discovering assets, examining transactions, and determining whether wrongdoing has occurred."). It may relate to "any matter which may affect the administration of the debtor's estate." Fed. R. Bankr. P. 2004(b). Second, Plaintiff has not demonstrated that he is entitled to the issuance of an order under the All Writs Act. He offers only an unsupported claim that the court's ability to issue the type of order sought in this case is recognized under § 1651. And third, there are no exceptional circumstances in this case making the extraordinary remedy provided under the All Writs Act appropriate.

Finally, Plaintiff's reliance on § 105(a) for authority to use an adversary proceeding for the sole purpose of seeking discovery is misplaced. Section 105(a) empowers the court to issue such orders as are "necessary or appropriate" to carry out the provisions of the Bankruptcy Code. However, equitable powers under § 105(a) may be exercised only in a manner consistent with the provisions of the Bankruptcy Code. *United States v. Sutton,* 786 F.2d 1305, 1308 (5th Cir.1986); *Wasserman v. Immormino (In re Granger Garage, Inc.)*, 921 F.2d 74, 77 (6th Cir. 1990). Plaintiff argues that the court may properly exercise its equitable power under § 105(a) and grant him the relief requested in this proceeding since it will permit him to carry out the Chapter 7 trustee duties set forth in 11 U.S.C. § 704(a), which include investigating the financial affairs of the debtor. However, granting Plaintiff the relief requested in this adversary proceeding is not necessary or appropriate where Rule 2004 specifically provides the procedural mechanism for obtaining the discovery that Plaintiff seeks.

For all of the foregoing reasons, Defendant's motion to dismiss will be granted. A separate order in accordance with this Memorandum of Decision will be entered.